IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANKLIN AMERICAN MORTGAGE COMPANY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB 10-920 |
| SANFORD TITLE SERVICES, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Franklin American Mortgage Company ("Franklin American") has filed the pending action asserting five claims against Defendant Sanford Title Services, LLC ("Sanford Title"). Sanford Title moves to dismiss Franklin American's claims for conversion (Count I), fraud (Count II), and breach of fiduciary duty (Count IV). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Defendant Sanford's Motion to Dismiss (ECF No. 13) is DENIED with respect to Counts I and II alleging conversion and fraud, but is GRANTED with respect to Count IV alleging breach of fiduciary duty.

## BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Plaintiff Franklin American is a mortgage company based in Franklin, Tennessee that both places and funds residential mortgages. Compl. ¶ 4. During the time at issue in this case,

1

Defendant Sanford Title, which has its principal place of business in Columbia, Maryland, served as a closing agent on a number transactions whereby Franklin American would loan funds to a purchaser or owner of real property. *Id.* Before each closing, Sanford Title provided Franklin American a proposed settlement sheet that explained how the loaned funds would be disbursed. *Id.* ¶ 5.

Franklin American claims that it transmitted funds to Sanford Title for a series of transactions based upon Sanford Title's representation that it had obtained properly executed documents from the parties to the transaction, Sanford Title's agreement that it would use Franklin American's funds to pay the closing expenses, and Sanford Title's agreement that it would properly record the documents evidencing Franklin American's mortgage. *Id.* ¶¶ 6-7. Franklin American alleges that Sanford Title violated its obligations to Franklin American when it failed to apply the loan funds as it represented it would to Franklin American, failed to pay off prior existing mortgages, and failed to properly record the documents evidencing Franklin American's mortgage on the real property. *Id.* ¶ 8. Franklin American also claims that Sanford Title has wrongfully converted and misappropriated Franklin American's funds, breached its obligations as a closing agent, and made misrepresentations to Franklin American. *Id.* ¶ 9.

On April 14, 2010, Franklin American filed a complaint asserting five claims against Sanford: conversion (Count I), fraud (Count II), negligent misrepresentation (Count III), breach of fiduciary duty (Count IV), and breach of contract (Count V). Franklin American seeks damages for "the loss of the wired funds, loss of any security for repayment of those funds and the expenses of investigating and attempting to remedy the[se] problems . . . ." *Id.* ¶ 11.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and

plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards*, 178 F.3d at 243.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Thus, a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See Twombly*, 550 U.S. at 570 (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citations omitted)). Thus, even though Rule 8(a)(2) "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained recently that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement."

3

*Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1937. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

## ANALYSIS

### I. Conversion Claim (Count I)

Sanford Title moves to dismiss Franklin American's conversion claim on the ground that a plaintiff cannot bring a conversion claim seeking the return of money under Maryland law.

As this Court recently explained in *L'Occitane, Inc. v. Tran Source Logistics, Inc.*, 2009 U.S. Dist. LEXIS 112736, at *9-10 (D. Md. Dec. 3, 2009):

> Under Maryland law, "[a] 'conversion' is any distinct act of ownership or dominion exerted by one person over the personal property of another in denial of his right or inconsistent with it." *Interstate Ins. Co. v. Logan*, 205 Md. 583, 109 A.2d 904, 907 (Md.1954). As Defendants correctly observe, however, "[t]he general rule is that monies are intangible and, therefore, not subject to a claim for conversion." *Allied Invest. Corp. v. Jasen*, 354 Md. 547, 731 A.2d 957, 966 (Md.1999). Notwithstanding that general rule, the law allows an exception "when a plaintiff can allege that the defendant converted specific segregated or identifiable funds." *Id.* This exception extends not only to funds that were actually segregated, but also to funds that "should have been segregated for a particular purpose or that have been wrongfully obtained or retained or diverted in an identifiable transaction." *Id.*

Although Franklin American seeks the return of funds, it argues that its conversion claim is proper because the conversion claim seeks "specific segregated or identifiable funds." In the Complaint, Franklin American alleges that in June 2008, and from approximately May 2009 to July 2009, it wired varying amounts of money to Sanford Title for the purpose of paying off mortgages and closing costs on seven different real estate transactions. Compl. ¶ 10. Franklin American alleges that these "funds were to be used for the payoff of the prior mortgage and other

4

closing costs" as to each transaction, but that Sanford Title instead converted these funds to its own use or benefit. *Id.*

Sanford Title contends that Franklin American's conversion claim must be dismissed because the Complaint does not allege that Sanford Title maintained or should have maintained separate accounts for the funds. Sanford Title compares Franklin American's claims to the conversion claim that was dismissed in *Fidelity National Title Insurance Co. of Pennsylvania v. Chicago Title Insurance Co.*, 1995 WL 478028, at *1 (4th Cir. 1995). In that case, Fidelity and Chicago Title both employed Central Maryland Title Company ("Central Maryland") as an agent to sell title insurance policies. *Id.* Fidelity alleged that Central Maryland commingled escrow funds on behalf of both Fidelity's insureds and Chicago Title's insureds, and therefore sought "to hold Chicago Title liable for Central Maryland's misappropriations of escrow funds from a commingled escrow account." *Id.* On appeal, the United States Court of Appeals for the Fourth Circuit affirmed the district court's decision dismissing Fidelity National's conversion claim, holding that "an action for conversion is not maintainable for funds in a commingled account." *Id.* at *2. Thus, Sanford Title asserts that as in *Fidelity*, Franklin American seeks the return of funds deposited into a commingled escrow account, and that such a conversion claim for the return of funds is improper.

Although Franklin American seeks the return of funds, it does not allege that Sanford Title commingled the funds in question. Instead, Franklin American broadly alleges that Sanford Title converted and misappropriated Franklin American's funds by keeping them or using the funds for its own or another's benefit. Furthermore, construing the allegations in the light most favorable to the plaintiff, Franklin American's claim that Sanford Title wrongfully used funds that were designated for specific purposes falls into the exception mentioned in *L'Occitane*—i.e.

5

that although money may not be the subject of a conversion action, there is an exception for a conversion action seeking funds that were *or should have been* segregated into separate accounts. *L'Occitane*, 2009 U.S. Dist. LEXIS 112736 at *9-10. Accordingly, Sanford Title's motion to dismiss is DENIED as to Franklin American's conversion claim (Count I).

## II.     Fraud Claim (Count II)

Sanford Title moves to dismiss Franklin American's claim that it made false representations to plaintiff "to induce Franklin American to send it funds" for seven mortgage transactions because the claim was not pled with particularity as required by Federal Rule of Civil Procedure 9(b) and thus fails to state a claim.

Rule 9(b) sets forth a heightened pleading standard for fraud claims, as it requires that "a party must state with particularity the circumstances constituting fraud or mistake." These circumstances include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir.1999). A failure to comply with this rule is treated as a failure to state a claim under Rule 12(b)(6). *See id.* at 783 n. 5. At the same time, "a court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Id.*

There appears to be no dispute that the Complaint sufficiently articulates the contents of the alleged misrepresentations. The Complaint also specifies as to each of the seven transactions (1) the date that each closing was supposed to have happened, (2) the address of the property in question, (3) the name of the purported borrower, and (4) the amount of funds Franklin

American wired to cover the mortgage and closing costs. This information is even more thorough than the details provided in the complaint at issue in *G.M. Pusey and Associates, Inc. v. Britt/Paulk Insurance Agency, Inc.*, 2008 U.S. Dist. LEXIS 37525, at *23 (D. Md. May 6, 2008), which this Court held met the heightened standards of Rule 9(b) even though it did "not specify which agents made the [false] statements." *Id.* In *G.M. Pusey*, this Court found that the complaint's thorough description of the content of the alleged misrepresentations, coupled with the allegation that the representations were made during the course of negotiations between the plaintiff and defendant, were enough to put the defendant on notice of the claims against it. *Id.* at *24.

Sanford Title argues that *G.M. Pusey* is distinguishable because the plaintiff alleged in that case that the misrepresentations were made during negotiations, which "provided the necessary detail such that the defendant could identify who made the alleged misrepresentations and when or where they were allegedly made." Reply at 23. Yet, Franklin American's allegations in this case are much more specific. Franklin American does not just generally allege that Sanford Title made misrepresentations over the course of a number of real estate transactions. Instead, as mentioned above, Franklin American enumerates when the transactions were supposed to happen, what property was involved, the names of the purported borrowers, and the amount of funds involved. As a result, this Court finds that Sanford Title has been sufficiently put on notice of the circumstances giving rise to the claim against it. Accordingly, Sanford Title's Motion to Dismiss is DENIED as to Count II.

### III. Breach of Fiduciary Duty (Count IV)

Sanford Title moves to dismiss Franklin American's breach of fiduciary duty claim because it is improper under Maryland law.

This Court has previously held that under Maryland law fiduciary duties are recognized and can be enforced, but not through independent causes of action. *McGovern v. Deutsche Post Global Mail, Ltd.*, 2004 U.S. Dist. LEXIS 15215, at *38 (D. Md. Aug. 4, 2004). In other words, a "breach of fiduciary duty can give rise to a cause of action - that is, it can be a component of a cause of action - but it cannot be a cause of action standing alone." *Id.* Franklin American asserts that its breach of fiduciary duty claim should not be dismissed, although it admits that this claim should be treated as part of its separate causes of action for conversion, fraud, negligent misrepresentation and breach of contract. While Franklin American can certainly allege breach of fiduciary duty in the remaining four counts of the Complaint, there is simply no independent cause of action for breach of fiduciary duty. Accordingly, Sanford Title's Motion to Dismiss is GRANTED as to Count IV.

## CONCLUSION

For the reasons stated above, Defendant Sanford's Motion to Dismiss (ECF No. 13) is DENIED with respect to Counts I and II alleging conversion and fraud, but is GRANTED with respect to Count IV alleging breach of fiduciary duty.

A separate Order follows.

Dated:      January 26, 2011                    /s/ _____
                                                Richard D. Bennett
                                                United States District Judge